```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**MICHAEL MCHENRY,**

      Plaintiff,

v.                                  Civil Action No. 2:19-cv-00393

**CITY OF DUNBAR/DUNBAR POLICE DEPARTMENT, LT. MOSS, PATROLMAN SHAFER, PATROLMAN ASHWORTH, PATROLMAN JUSTICE, and M. ARTHUR,**

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are defendant City of Dunbar's motion to dismiss, filed December 23, 2019; and defendant Matthew Arthur's motion to dismiss, filed December 23, 2019.

### I. Background

This case arises out of the June 22, 2017 arrest of plaintiff Michael McHenry for fleeing with reckless indifference. Am. Compl. ¶ 1. The amended complaint alleges that upon turning down a dead-end road during the pursuit, "plaintiff stopped, exited his vehicle and raised his hands in the air to surrender." <u>Id.</u> ¶ 4. Nonetheless, defendants Lt. Moss, Patrolman Shafer, Patrolman Ashworth and Patrolman Justice ("the Officers" or "the Individual Defendants"), employees of

defendant the City of Dunbar ("the City"), proceeded to approach plaintiff. Id. ¶¶ 3-4. They shoved plaintiff to the ground, handcuffed him, and beat him without justification "in retaliation for his fleeing." Id. The Officers struck plaintiff in the head, torso, and legs in addition to slamming him to the ground repeatedly. Id. ¶ 5. During the beating, the Officers "repeatedly taunted plaintiff by calling him a 'fucking idiot' and by saying they were going to teach plaintiff a lesson." Id. ¶ 6. Plaintiff alleges that he never resisted arrest or threatened the Officers during the encounter. Id. In the alternative, plaintiff alleges that defendants' failure to intervene on his behalf to stop the beating "was negligent and a failure to follow the City of Dunbar/Dunbar Police Department's policy." Id. ¶ 7.

The amended complaint brings four causes of action: (Count I) excessive force under 42 U.S.C. § 1983 for violations of the Fourth Amendment of the United States Constitution; (Count II) assault and battery; (Count III) negligence against the Individual Defendants employed by the City for which the City would be vicariously liable; and (Count IV) reckless/malicious conduct. Am. Compl. ¶¶ 8-23.

In its motion to dismiss, the City argues that Counts I and III must be dismissed because plaintiff fails to state a

claim against the City under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). See City's Mem. Supp. Mot. Dismiss 3-6 ("City's Mem."). Regarding Count II, the City asserts that a municipality cannot be held responsible for intentional acts of its employees. Id. at 6. Next, the City asserts that it is entitled to statutory immunity pursuant to W. Va. Code § 29-12A-5(a)(5). Id. at 6-8. Finally, the City maintains that Dunbar Police Department is not a proper defendant inasmuch as it is not a separate entity that may be sued under West Virginia law. Id. at 8-9.

Defendant Matthew Arthur ("Arthur") separately moves to dismiss because although the original complaint identified "M. Arthur" as a defendant "in his individual and official capacity as Supervisor/Reviewing Officer," the amended complaint does not contain any allegations directed at Arthur or even mention Arthur's name. See Arthur's Mem. Supp. Mot. Dismiss 2; Compl. at 4.

In his response, plaintiff clarified that he "is not asserting claims against Matthew Arthur nor is he asserting claims against the Dunbar Police Department." See Pl.'s Resp. 1. Thus, both Arthur and the Dunbar Police Department should be dismissed from this case. Plaintiff also explained that he asserts Counts I, II, and IV only against the Individual

Defendants, not the City. Id. at 1 n.1. Consequently, the only claim asserted against the City is one of vicarious liability for negligence under Count III.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds by Twombly, 550 U.S. at 563). Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56. A "formulaic recitation of the elements of a cause of action will not do." Id. at 555.

Nevertheless, "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

III. Discussion

In its motion to dismiss, the City invokes the statutory immunity provided by West Virginia's Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-5 ("the Tort Claims Act"). Statutory immunity under the Tort Claims Act "is purely a question of law and is ripe for summary disposition . . . through a motion to dismiss." State ex rel. Town of Pratt v. Stucky, 735 S.E.2d 575, 582 (W. Va. 2012). The local government immunity analysis proceeds with "the general rule of

5

construction [that] governmental tort legislation cases favor[] liability, not immunity." State ex rel. Corp. of Charles Town v. Sanders, 687 S.E.2d 568, 571 (W. Va. 2009) (citing Syl. Pt. 2, Marlin v. Bill Rich Constr., Inc., 482 S.E.2d 620 (W. Va. 1996)).

Under § 29-12A-4(c)(2), "Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees while acting within the scope of employment." W. Va. Code § 29-12A-4(c)(2). The City is plainly a "political subdivision" under the statute. See id. § 29-12A-3(c). Inasmuch as the immunity of political subdivisions yields only to "negligence-based acts or functions," political subdivisions cannot be held liable for the intentional torts of their employees. Bowden v. Monroe Cty. Comm'n, 750 S.E.2d 263, 267 (W. Va. 2013) (per curiam); see W. Va. Code § 29-12A-4(c); see also Zirkle v. Elkins Rd. Pub. Serv. Dist., 655 S.E.2d 155, 160 (W. Va. 2007) (per curiam) ("Only claims of negligence specified in W. Va. Code, 29–12A–4(c) can survive immunity from liability under the general grant of immunity in [the Tort Claims Act]."); Kelley v. City of Williamson, 655 S.E.2d 528, 535 (W. Va. 2007) (citing Mallamo v. Town of Rivesville, 477 S.E.2d 525 (W. Va. 1996)) (per curiam).

Section 29-12A-4(c) also "begins with the disclaimer that the subsequent grants of liability are expressly made '[s]ubject to section five [§ 29-12A-5] and six [§ 29-12A-6].'" Albert v. City of Wheeling, 792 S.E.2d 628, 631 (W. Va. 2016) (alterations in original). Of relevance here, § 29-12A-5(a)(5) provides that "[a] political subdivision is immune from liability if a loss or claim results from: . . . the failure to provide, or the method of providing, police, law enforcement or fire protection." W. Va. Code § 29-12A-5(a)(5).

The City argues that the negligent conduct alleged in the complaint is inextricably tied to the provision of law enforcement and police protection. It points to Albert v. City of Wheeling, in which the West Virginia Supreme Court of Appeals explained:

> Statutory immunity exists for a political subdivision under the provisions of West Virginia Code § 29-12A-5(a)(5) (2013) if a loss or claim results from the failure to provide fire protection or the method of providing fire protection regardless of whether such loss or claim, asserted under West Virginia Code § 29-12A-4(c)(2) (2013), is caused by the negligent performance of acts by the political subdivision's employees while acting within the scope of employment.

Syl. Pt. 4, 792 S.E.2d 628 (W. Va. 2016). At least with respect to fire protection, this holding overruled syllabus point 5 of Smith v. Burdette, which had stated that § 29–12A–5(a)(5) "does not provide immunity to a political subdivision for the

7

negligent acts of the political subdivision's employee performing acts in furtherance of a method of providing police, law enforcement or fire protection." Syl. Pt. 5, 566 S.E.2d 614, 615 (W. Va. 2002), overruled by Syl. Pt. 4, Albert, 792 S.E.2d at 628.

Plaintiff here argues that § 29-12A-5(a)(5) does not apply because the negligent conduct does not relate to "the decision making or planning process of the City." Pl.'s Resp. 5. Yet, Albert clarified that immunity under § 29-12A-5(a)(5) encompasses the negligent acts of a political subdivision's employees to the extent those acts are in furtherance of a method of providing fire protection. See Albert, 792 S.E.2d at 632. That same immunity has been extended in this district to acts in furtherance of the method of providing police protection. Daniels v. Wayne Cty., No. CV 3:19-0413, 2020 WL 2543298, at *4 (S.D.W. Va. May 19, 2020) ("Albert immunizes political subdivisions from the negligent actions of their employees in providing police protection."); Taylor v. Clay Cty. Sheriff's Dep't, No. 2:19-CV-00387, 2020 WL 890247, at *6 (S.D.W. Va. Feb. 24, 2020) ("In effect, the Albert court overruled the limitation of the police protection immunity announced in Smith.").

The amended complaint's reference to the City's alleged policy regarding officer intervention "when excessive force is being used against an individual being arrested" necessarily relates to the method of providing law enforcement. Am. Compl. ¶ 7. Inasmuch as the immunity afforded by § 29-12A-5(a)(5) applies, Count III as to the City is dismissed.

In addition, Count III must be dismissed inasmuch as plaintiff may not recharacterize intentional acts as negligence to avoid the application of statutory immunity. "[A] mere allegation of negligence does not turn an intentional tort into negligent conduct." Weigle v. Pifer, 139 F. Supp. 3d 760, 780 (S.D.W. Va. 2015) (quoting Benavidez v. United States, 177 F.3d 927, 931 (10th Cir. 1999)); Stone v. Rudolph, 32 S.E.2d 742, 748 (W. Va. 1944) ("A wilful [sic] act is an intentional act, and, strictly speaking, there can be no such thing as wilful [sic] negligence, because negligence conveys the idea of inadvertence as distinguished from premeditation or formed intention."). The Tort Claims Act immunizes political subdivisions for the intentional acts of their employees. See W. Va. Code § 29-12A-4(c); see also Weigle, 139 F. Supp. 3d at 780 (concluding that negligence claim against city predicated on W. Va. Code § 29–12–4(c)(2) must be dismissed because alleged negligence related to intentional excessive force "undertaken for the purpose of

completing [plaintiff's] arrest" and "while the officers' actions may give rise to an intentional tort, they cannot support liability predicated on negligence").

Count III alleges that "defendants were negligent when they were overzealous during plaintiff's arrest, thereby injuring plaintiff." Am. Compl. ¶ 17. The "negligence" claim in Count III, however, specifically "re-alleges and incorporates paragraphs 1 through 15 . . . as if fully set forth herein." Id. ¶ 16. That includes the following:

> Defendants, Moss, Shafer, Ashworth and Justice approached plaintiff and used physical force to push plaintiff to the ground where they handcuffed plaintiff and began to beat him. Defendants punched plaintiff in his head, torso and legs. Defendants also slammed plaintiff's head into the ground repeatedly.
>
> During the time that plaintiff was being beaten, the defendants repeatedly taunted plaintiff by calling him a "f***ing idiot" and by saying they were going to teach plaintiff a lesson. The statements and taunting by the defendants demonstrate the malicious nature and retaliatory purpose of plaintiff's beating.
>
> The beating of Plaintiff by Defendants was egregious, outrageous, and an abuse of power . . . .
>
> As a result of the aforementioned, Plaintiff . . . is therefore entitled to punitive damages, attorney fees and costs.

Id. ¶¶ 5, 6, 11, 15. The negligence thus relies on the same facts that supported the claims that the Individual Defendants all intentionally assaulted/battered and/or

recklessly/maliciously beat plaintiff during the arrest. Plaintiff cannot sustain a vicarious liability claim against the City based on allegations that the Individual Officers intentionally beat him while at the same time alleging that the Officers acted negligently by failing to intervene to stop these same beatings.

Inasmuch as plaintiff fails to state a claim against the City under Count III and asserts no other claims against it, the City must be dismissed from this action.

### IV. Conclusion

Accordingly, it is ORDERED that the City's motion to dismiss and Arthur's motion to dismiss be, and they hereby are, granted. It is further ORDERED that the City, Arthur, and Dunbar Police Department be, and they hereby are, dismissed from this action. This case remains pending against defendants Lt. Moss, Patrolman Shafer, Patrolman Ashworth and Patrolman Justice.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: July 8, 2020

John T. Copenhaver, Jr.
Senior United States District Judge